# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 9:19-CV-80911-ROSENBERG/REINHART

PAUL MUSTAKAS and MERRIBETH MUSTAKAS,

   Plaintiffs,

v.

INTEGON NATIONAL INSURANCE COMPANY,

   Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Integon National Insurance Company's Motion to Dismiss. The Court has considered the Motion (DE 12) and Plaintiffs' Response (DE 14), and is fully advised in the premises. For reasons that follow, the Motion is GRANTED.

### I.    BACKGROUND[1]

Plaintiffs own property at 77 NW 5th Avenue, Boca Raton, Florida ("the Property"), which sustained damaged in September 2017 from Hurricane Irma. At the time of the damage, the Property was subject to a lender-placed homeowner's insurance policy ("the Policy"), which means that the insured party is the mortgagee rather than the property owner. The Policy covered hurricane damage, among other types of loss. Under the Policy, insurance proceeds are applied either to repair the Property or to the balance of Plaintiffs' mortgage. Defendant received timely notice of the loss and determined that Plaintiffs had sustained a covered loss under the Policy. However, Defendant did not pay the full amount of the loss, instead issuing a payment based on a damage estimate created by Defendant after inspecting the Property.

---

[1] Except as cited otherwise, facts in this part are derived from Plaintiffs' Complaint and are accepted as true. DE 3-3.

Relevant portions of the Policy[2] include:

> The contract of insurance is only between the NAMED INSURED and Integon National Insurance Company. There is no contract of insurance between the BORROWER and Integon National Insurance Company. The insurance purchased is intended for the benefit and protection of the NAMED INSURED, insures against LOSS only to the dwelling and OTHER STRUCTURES on the DESCRIBED LOCATION, and may not sufficiently protect the BORROWER'S interest in the property. . . .
>
> LOSS Payment. WE will adjust each LOSS with YOU and will pay YOU. If the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, the BORROWER may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER'S insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM.

DE 12-1, at 2, 10. The Policy designates Plaintiffs as "Borrowers" and Seterus, Inc., the mortgagee, as the "Named Insured." *Id.* at 2. Plaintiffs sued in state court, alleging that Defendant breached the Policy and that Plaintiffs have standing to enforce the Policy as either omnibus insureds or third-party beneficiaries. Defendant removed and moved[3] to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs do not qualify as omnibus insureds or third-party beneficiaries, that they failed to allege that the amount of loss exceeds the balance of their mortgage, and alternatively that their request for attorney's fees should be stricken.

---

[2] Plaintiffs did not attach the Policy to their Complaint because they lacked a complete certified copy. DE 3-3 ¶ 8. Defendant attached the Policy to its Motion to Dismiss. DE 12-1. The Court considers the Policy document under the doctrine of incorporation by reference, under which a court ruling on a Rule 12(b)(6) motion "may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). The Policy is clearly central to Plaintiffs' breach-of-contract claim, and Plaintiffs have not contested its authenticity.

[3] Plaintiffs ask the Court to deny Defendant's Motion on the merits and on the basis that it is untimely. It is true that the Motion is untimely, filed 82 days after Defendant removed the case from state court. However, the Parties are not well served by denying the Motion on the basis of timeliness and allowing a deficient Complaint to proceed. Furthermore, Plaintiffs failed to move for default after Defendant failed to timely respond.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). At the motion to dismiss stage, the "plaintiff's factual allegations are accepted as true. . . . However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## III. DISCUSSION

Ordinarily, only parties to a contract or third-party beneficiaries have standing to sue for breach of the contract. *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So. 2d 1028, 1030–31 (Fla. Dist. Ct. App. 1994) (citing *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985)) ("A person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract."). Plaintiffs are not parties to the Policy, but they allege that they have standing as either omnibus insureds or third-party beneficiaries.

a. **Omnibus Insureds**

Under Florida law, an omnibus insured is "one who is covered by a provision in the policy but not specifically named or designated." *Cont'l Cas. Co. v. Ryan Inc.*, 974 So. 2d 368, 374 (Fla. 2008) (holding that a pedestrian was an omnibus insured under a driver's insurance policy covering bodily injuries sustained by "a pedestrian, through being struck by the insured motor vehicle"); *see*

*also State Farm Fire & Cas. Co. v. Kambara*, 667 So. 2d 831, 831–32 (Fla. Dist. Ct. App. 1996) (holding that a resident was an omnibus insured under a landlord's policy covering "bodily injury caused by an accident on your premises you own or rent"). "[T]he rights of an 'omnibus insured' flow 'directly from his or her status under a clause of the insurance policy without regard to the issue of liability.'" *Cont'l Cas. Co.*, 974 So. 2d at 374 (quoting *Kambara*, 667 So. 2d at 833). In other words, an omnibus insured is entitled to make a claim directly with the insurance company even if the named insured is not liable for the omnibus insured's injury.

Plaintiffs are not omnibus insureds for two reasons. First, there is no provision in the Policy that enables Plaintiffs to make a first-party insurance claim for their loss. Rather, Plaintiffs are entitled to payment only to the extent that the loss exceeds the unpaid principal balance of Plaintiffs' mortgage. DE 12-1, at 10. Second, the hallmark of an omnibus insured is being "covered by a provision in the policy but not specifically named or designated." *Cont'l Cas. Co.*, 974 So. 2d at 374. The Policy here specifically names Plaintiffs—and specifically circumscribes their entitlement under the Policy. The Policy expressly states that Plaintiffs are not parties to the Policy, that the Policy is for the benefit of Seterus, and that the Policy "may not sufficiently protect BORROWER'S interest in the property." DE 12-1, at 2. Accordingly, Plaintiffs are not omnibus insureds under the Policy and cannot proceed under that theory of contractual standing.

### b. Third-Party Beneficiaries

Plaintiffs allege in the alternative that they have standing "as third-party beneficiaries to bring this claim against Defendant for the insurance proceeds associated with replacing and/or repairing the damage caused by the loss." DE 3-3 ¶ 12. To state a claim under Florida law for breach of contract as a third-party beneficiary, Plaintiffs must allege "(1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the

breach." *Foundation Health v. Westside EKG Assoc.*, 944 So. 2d 188, 195 (Fla. 2006) (citation omitted). At issue is whether the contracting parties—Defendant and Seterus—had a "clear or manifest intent" to "primarily and directly benefit" Plaintiffs. The Eleventh Circuit has further described this inquiry:

> [A] third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party. If the contracting parties had no such purpose in mind, any benefit from the contract reaped by the third party is merely "incidental," and the third party has no legally enforceable right in the subject matter of the contract.

*Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982 (11th Cir. 2005).

Here, several factors foreclose Plaintiffs' theory that they are third-party beneficiaries of the Policy as a whole. First, the clear language of the Policy states that "[t]he insurance purchased is intended for the benefit and protection of the NAMED INSURED" and that "other than the potential right to receive such [excess loss] payment, the BORROWER has no rights under this RESIDENTIAL PROPERTY FORM." DE 12-1, at 2, 10. This language, which expressly excludes Plaintiffs from all but one potential contractual benefit, confirms that the Policy was meant "primarily and directly" to benefit Seterus, the policyholder, not Plaintiffs. *Foundation Health*, 944 So. 2d at 195. Second, Plaintiffs' right to receive payment from Defendant depends on an uncertain event; the magnitude of the loss must exceed the unpaid principal balance of the loan. The contingent nature of this benefit makes it "incidental" to the Policy as a whole. *Bochese*, 405 F.3d at 982.

Numerous cases in this district have interpreted similar or identical language in lender-placed policies and concluded the same. *See, e.g., Bajduan v. Integon National Insurance Company*, 19-cv-21924, Order at 8 (S.D. Fla. Sep. 30, 2019) (Ungaro, J.) ("The Policy clearly and expressly states that Plaintiffs are not named insureds, does not refer to or designate Plaintiffs as third-party beneficiaries under the Policy, and excludes Plaintiffs from coverage."); *Arias v. Integon Nat'l Ins. Co.*, No. 18-cv-22508, 2018 WL 4407624, at *4 (S.D. Fla. Sept. 17, 2018) (Altonaga, J.) ("The Policy could not be clearer in expressing the contracting parties' intent not to primarily and directly benefit the

5

Plaintiff-borrower."); *Hogan v. Praetorian Ins. Co.*, 1:17-cv-21853, 2017 WL 5643234, at *5 (S.D. Fla. July 31, 2017) (Ungaro, J.) (concluding that the borrower "is not an intended third-party beneficiary of the Policy, except, possibly, as a 'simple LOSS payee only . . .'"). Accordingly, Plaintiffs are not third-party beneficiaries of the Policy as a whole, and they cannot proceed under that theory.

Plaintiffs' Complaint alleges only that they are omnibus insureds or third-party beneficiaries of the Policy as a whole, and the Court concludes that they are neither. Plaintiffs may allege entitlement to payment as a "simple LOSS payee" under paragraph 13 of the Policy Conditions. DE 12-1, 10. However, the Complaint is devoid of any allegations as to the amount of the unpaid principal balance of Plaintiffs' mortgage and whether the loss exceeded that amount. Accordingly, the Court grants Defendant's Motion to Dismiss with prejudice as to any relief Plaintiffs seek as omnibus insureds and/or third-party beneficiaries of the Policy as a whole. The Motion to Dismiss is granted without prejudice with leave for Plaintiffs to file an amended complaint if Plaintiffs can state a claim as "simple loss payee[s]." In light of the Motion being granted, the Court does not consider Defendant's argument regarding Plaintiffs' request for attorney's fees.

It is **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss [DE 12] is **GRANTED**.

2. Plaintiffs' Complaint [DE 3-3] is **DISMISSED as set forth in the Order**. Any amended complaint, consistent with the Court's ruling, is due on or before **December 4, 2019**. Failure to file an amended complaint by such date will result in this case being closed without further notice.

3. Defendant shall file a response to any amended complaint on or before **December 9, 2019**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 26th day of November, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: All counsel of record via CM/ECF